IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

MICHAEL NAVARRO JONES,

        Petitioner,

vs.

MARK LUND,

        Respondent.

No. 12-CV-2091-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.     **INTRODUCTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    **PROCEDURAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . **2**

    *A.*    *Conviction.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
    *B.*    *Direct Appeal.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
    *C.*    *State Post-Conviction Relief Proceedings.* . . . . . . . . . . . . . . . . . . . **4**
    *D.*    *Federal Habeas Corpus Action.* . . . . . . . . . . . . . . . . . . . . . . . . **4**

III.   **FACTUAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

IV.   **STANDARDS OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

    *A.*    *Requirements under 28 U.S.C. § 2254(d).* . . . . . . . . . . . . . . . . . . **6**
    *B.*    *Exhaustion and Procedural Default* . . . . . . . . . . . . . . . . . . . . . . **9**

V.    **DISCUSSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

    *A.*    *Prosecutorial Misconduct.* . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
    *B.*    *Motion to Suppress.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
    *C.*    *Ineffective Assistance of Counsel.* . . . . . . . . . . . . . . . . . . . . . . **15**

        *1.*    *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
        *2.*    *Trial counsel.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

            *a.*    *Weight of the evidence.* . . . . . . . . . . . . . . . . . . . . . **17**
            *b.*    *Marital privilege* . . . . . . . . . . . . . . . . . . . . . . . . . **18**
            *c.*    *Introduction of the gun.* . . . . . . . . . . . . . . . . . . . . . **19**
            *d.*    *Allegedly perjured gun testimony.* . . . . . . . . . . . . . . . **20**

1

   e.  *Allegedly perjured officer testimony*. . . . . . . . . . . . . **21**
   f.  *Interviewing and calling witness to testify*. . . . . . . . . **23**
   g.  *Removal of problematic jurors*. . . . . . . . . . . . . . . . **24**
   h.  *Impeachment of alibi witness*. . . . . . . . . . . . . . . . . **25**
   i.  *Jury instruction on "theft"*. . . . . . . . . . . . . . . . . **26**
   j.  *Objections to prosecutorial misconduct*. . . . . . . . . . . **27**

     i.  *Attempt to rebut witness*. . . . . . . . . . . . . . . . **28**
     ii.  *Referring to the petitioner as*
       *"the robber"*. . . . . . . . . . . . . . . . . . . . . . **29**
     iii.  *Personal beliefs*. . . . . . . . . . . . . . . . . . . . **30**
     iv.  *Using false testimony*. . . . . . . . . . . . . . . . . **30**

   k.  *Destruction of exculpatory evidence*. . . . . . . . . . . . . **31**

  3.  *Appellate counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . **32**

   a.  *Two dismissed jurors*. . . . . . . . . . . . . . . . . . . . . **32**
   b.  *Lesser-included offenses*. . . . . . . . . . . . . . . . . . . **34**
   c.  *Conference regarding jury instructions*. . . . . . . . . . . **35**

  4.  *Post-conviction relief counsel* . . . . . . . . . . . . . . . . . . . **36**

VI. *CERTIFICATE OF APPEALABILITY*. . . . . . . . . . . . . . . . . . . . . . . **37**

VII. *CONCLUSION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **38**

## I. INTRODUCTION

The matter before the court is Michael Navarro Jones's ("the petitioner") "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("petition") (docket no. 1).

## II. PROCEDURAL BACKGROUND

### A. Conviction

On October 1, 2008, in the Iowa District Court for Black Hawk County ("Iowa District Court"), Case No. FECR 149154, a jury found the petitioner guilty of first degree robbery (count I), in violation of Iowa Code sections 711.1 and 711.2, and possessing a firearm as a felon (count II), in violation of Iowa Code section 724.26. Post-conviction relief appeal appendix ("PCR appeal app'x") (docket no. 21-20) at 96-97. On October 17, 2008, the petitioner pled guilty to being a habitual offender as to count II in violation of Iowa Code section 902.8. *Id.* at 104-05. On November 17, 2008, the petitioner was

sentenced to twenty-five years' imprisonment on count I and fifteen years' imprisonment on count II. *Id.* at 108. The court ordered the sentences to run concurrently. *Id.*

## B. Direct Appeal

The petitioner appealed his conviction to the Iowa Court of Appeals on a number of grounds. First, the petitioner asserted that "the [Iowa District Court] erred in denying his motion to suppress evidence seized from his home after obtaining information during a traffic stop." *State v. Jones* (*Jones I*), 778 N.W.2d 218 (Table), 2009 WL 4842500, at *1 (Iowa Ct. App. Dec. 17, 2009). Second, the petitioner claimed that "his [trial] counsel was ineffective for failing to challenge the weight of the evidence in a motion for a new trial and in failing to challenge the veracity of some of the State's witnesses." *Id.* In the petitioner's pro se brief, the petitioner made additional claims regarding trial counsel's ineffective assistance and prosecutorial misconduct. Direct appeal pro se brief (docket no. 21-2).

On December 17, 2009, the Iowa Court of Appeals rejected the petitioner's arguments that the Iowa District Court erred in denying his motion to suppress and that trial "counsel was ineffective for failing to challenge the weight of the evidence in a motion for new trial." *Jones I*, 2009 WL 4842500, at *2. With regard to the petitioner's argument that trial counsel was ineffective for failing to challenge the veracity of some of the State's witnesses, the Iowa Court of Appeals concluded that "the record [was] insufficient to address this claim . . . [and] preserve[d] the issue for possible postconviction proceedings." *Id.* at *3. The Iowa Court of Appeals also declined to address "several other issues" in the petitioner's pro se supplemental brief because they "were not raised below." *Id.* at *3 n.2. On February 10, 2010, the Iowa Supreme Court denied the petitioner's request for further review. *See* direct appeal order denying further review (docket no. 21-9).

## C.  State Post-Conviction Relief Proceedings

The petitioner then sought post-conviction relief in the Iowa District Court, asserting that his trial counsel, appellate counsel and post-conviction counsel were ineffective for various reasons.  The Iowa District Court denied the petitioner's claims in their entirety.  *See Jones v. State* (*Jones II*), 821 N.W.2d 778 (Table), 2012 WL 3590334, at *1 (Iowa Ct. App. Aug. 22, 2012).  On August 22, 2012, the Iowa Court of Appeals affirmed the Iowa District Court's decision, including the denial of the petitioner's ineffective assistance of counsel claims.  *Id.* at *7.  On October 25, 2012, the Iowa Supreme Court denied the petitioner's request for further review.  *See* PCR order denying further review (docket no. 21-19).

## D.  Federal Habeas Corpus Action

On December 10, 2012, the petitioner filed the petition for writ of habeas corpus, alleging twenty grounds for relief under 28 U.S.C. § 2254.  On June 28, 2013, Mark Lund ("the respondent") filed an answer (docket no. 16).  In the answer, the respondent argues that grounds I, IV, VII, VIII, IX, XVI, XVIII and XX are either barred, procedurally defaulted or unexhausted.  Answer ¶ 7.  The respondent does not waive the exhaustion requirement, *id.* ¶ 9, and argues that the "[p]etitioner's twenty claims for relief lack merit because they do not concern a state court adjudication contrary to or involving an unreasonable application of clearly established federal law."  *Id.* ¶ 7.  On November 25, 2013, the petitioner filed a pro se brief, in which he declined to provide briefing on grounds I, II, IV, V, VII, VIII, IX, X, XVI and XVIII, but briefed the remaining grounds for relief.  *See* the petitioner's brief (docket no. 32) at 2.  On February 12, 2014, the respondent filed a merits brief ("the respondent's brief") (docket no. 38).  On March 31, 2014, the petitioner filed a reply (docket no. 41).  The matter is fully submitted and ready for decision.

### III. FACTUAL BACKGROUND

The Iowa Court of Appeals summarized the facts[1] on the petitioner's direct appeal of his convictions as follows:

> On August 2, 2007, a Check into Cash store was robbed at gunpoint. The two employees working at the time gave a description of the suspect and the vehicle, having recognized him from previous visits to the store. On August 24, 2007, Officer Camarata received a call from a Black Hawk County Sheriff's lieutenant about sighting the possible robbery suspect. Officer Camarata, in plain clothes, located the vehicle but contacted a uniformed officer, Officer Crozier, to make the vehicle stop. Officer Crozier initially observed the driver was not wearing a seatbelt, so [he] stopped the vehicle. By the time Officer Crozier approached the driver, [the petitioner], he was wearing his seatbelt. Officer Crozier then asked to see [the petitioner's] driver's license, ran a criminal history check, and allowed him to be on his way, without issuing a citation. The police then prepared a photo line-up, and [the petitioner] was immediately identified by one of the Check into Cash employees. After obtaining a search warrant, the police searched what they believed to be [the petitioner's] residence, and found a nine millimeter handgun in a safe in the home, along with various papers bearing [the petitioner's] name and address, indicating the home was [the petitioner's] residence.

*Jones I*, 2009 WL 4842500, at *1.

The petitioner filed a motion to suppress in the Iowa District Court "challenging the legality of the traffic stop, claiming that Officer Crozier did not have reasonable suspicion to stop his vehicle." *Id.* The Iowa District Court denied the motion to suppress. At trial, the petitioner relied primarily on an alibi defense, arguing that he was out of town on the day of the robbery. *See* direct appeal appendix ("direct appeal app'x"), vol. 2 pt. 1

---

[1] The court views the facts in the light most favorable to the verdicts. *See Hendricks v. Lock*, 238 F.3d 985, 986 (8th Cir. 2001); *Copeland v. Washington*, 232 F.3d 969, 971 (8th Cir. 2000); *Mallett v. Bowersox*, 160 F.3d 456, 458 (8th Cir. 1998). When relevant, additional facts are discussed in the court's analysis.

(docket no. 21-12) at 321; direct appeal appellant's final brief ("appellant's brief") (docket no. 21-1) at 13.

The Iowa Court of Appeals affirmed the Iowa District Court's findings with respect to the legality of the traffic stop and the ensuing search of the petitioner's vehicle:

> Officer Crozier, at the direction of Investigator Camarata, made an investigatory stop. The knowledge of Camarata is imputed to Crozier for the purposes of the stop. Crozier provided a pretextual reason for the stop to Jones. However, Crozier's real reason for the stop was the direction of Camarata and the imputed knowledge of Camarata. Camarata had a reasonable suspicion based upon articulable facts that a stocky, muscular, longer haired African American male driving a red Suburban had committed an armed robbery in the same city approximately three weeks earlier. The articulable facts include the credible reports of two eyewitnesses to the armed robbery. Jones fit the description and facts completely. The stop was brief and non-invasive other than the production of Jones's driver's license. The totality of the circumstances establishes that the stop did not violate the Defendant's right to be free of unreasonable searches and seizures.

*Jones I*, 2009 WL 4842500, at *2 (quoting the Iowa District Court).

## IV. STANDARDS OF REVIEW

### A. 28 U.S.C. § 2254(d)

The United States Code provides the standard for habeas corpus review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Thus, "[28 U.S.C. §] 2254(d) distinguishes between two types of erroneous decisions—those of law and those of fact." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001).  Claims of legal error are governed by the first subparagraph, and claims of factual error fall within the second subparagraph. *See id.* at 1029-30.

Regarding an erroneous decision of law under 28 U.S.C. § 2254(d)(1), a state court decision can be "contrary to" Supreme Court precedent if: (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (stating that "only limited and deferential review of underlying state court decisions" is available in habeas corpus cases (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)) (internal quotation marks omitted)).  Further, "the [statutory] phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application" of Supreme Court precedent can arise in one of two ways. The Supreme Court has stated that:

> First, a state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case.  Second, a state-court decision also involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [the] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

7

*Id.* at 407. Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involv[ing] an unreasonable application of . . . clearly established Federal law.'" *Id.* at 407-08. Furthermore,

> [u]nder [28 U.S.C.] § 2254 (d)(1)'s "unreasonable application" clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*.

*Id.* at 411 (emphasis added). The Eighth Circuit Court of Appeals has provided the following standard for an unreasonable application of law: "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Richardson v. Bowersox*, 188 F.3d 973, 978 (8th Cir. 1999) (alteration in original) (quoting *Long v. Humphrey*, 184 F.3d 758, 760 (8th Cir. 1999)) (internal quotation marks omitted).

Applying these standards to the present case, the court must determine whether: (1) the Iowa courts reached a decision contrary to that reached by the Supreme Court on a question of law; or (2) correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of the petitioner's claims. *See, e.g.*, *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (discussing the applicable standard); *Closs v. Weber*, 238 F.3d 1018, 1020 (8th Cir. 2001) (same); *Newman v. Hopkins*, 247 F.3d 848, 850–52 (8th Cir. 2001) (same); *Weaver*, 241 F.3d at 1029-30, *Copeland*, 232 F.3d at 973.

"Claims of factual error are subjected to the standard enunciated in [28 U.S.C.] § 2254(d)(2); 28 [U.S.C. §] 2254(e)(1) then establishes a presumption of correctness in favor of state court findings of fact." *Weaver*, 241 F.3d at 1030. Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless the petitioner rebuts

that presumption with clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *see also Weaver*, 241 F.3d at 1030 ("[O]n habeas review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings."); *Forsyth v. Ault*, 537 F.3d 887, 890 (8th Cir. 2008) (stating that the petitioner bears "the burden of rebutting the presumption of correctness" (quoting 28 U.S.C. § 2254(e)(1)) (internal quotation marks omitted)).  "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'"  *Weaver*, 241 F.3d at 1030; *see also Forsyth*, 537 F.3d at 890 ("Thus, the state court's decision must be objectively unreasonable, and not merely incorrect, for us to grant the writ.").

### B. Exhaustion and Procedural Default

A petitioner must exhaust all available state court remedies before obtaining federal habeas corpus review.  28 U.S.C. § 2254(b)(1)(A).  To fulfill the exhaustion requirement, a petitioner must provide the highest state court with a full and fair opportunity to consider all of the claims before presenting them to a federal court.  *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).  This requires a petitioner to invoke "one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In Iowa, a "prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts."  *Welch v. Lund*, 616 F.3d 756, 789 (8th Cir. 2010); *see also Boerckel*, 526 U.S. at 845-48 (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review from the state's supreme court when that review is part of the state's ordinary appellate review procedure); *Baldwin v. Reese*, 541 U.S. 27, 29 (8th Cir. 2004) (reiterating that a petitioner "must 'fairly present'

his claim in each appropriate state court [including a state supreme court with powers of discretionary review], thereby alerting that court to the federal nature of the claim").

The fair presentment component of the exhaustion requirement compels a petitioner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Ashker*, 5 F.3d at 1179 (quoting *Kelley v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988)) (internal quotation marks omitted). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus petition have been properly raised in the prisoner's state court proceedings. *See Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884-85 (8th Cir. 1994); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

A petitioner's failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996). Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement . . . refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S.Ct. 1558, 1570, n.28, 71 L.Ed.2d 783 (1982), it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103

> L.Ed.2d 380 (1989). However, the procedural bar that gives
> rise to exhaustion provides an independent and adequate state-
> law ground for the conviction and sentence, and thus prevents
> federal habeas corpus review of the defaulted claim, unless the
> petitioner can demonstrate cause and prejudice for the default.

*Gray*, 518 U.S. at 161-62 (alterations in original). Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed in federal court if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 985 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Independent and adequate state grounds also preclude a federal court from reviewing a habeas claim when a state court correctly applies a procedural default principle of state law to dismiss a claim. *See Michigan v. Long*, 463 U.S. 1032, 1042 (1983) (discussing the principle that federal courts "will not review judgments of state courts that rest on adequate and independent state grounds"); *Kilmartin v. Kemna*, 253 F.3d 1087, 1087 (8th Cir. 2001) ("The rule that certain state-court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts." (quoting *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989)) (internal quotation marks omitted)). Therefore, when a state court rejects a claim based on procedural default under state law, a federal court must "respect [those] state procedural rules" and decline to review the claim. *See Ford v. Norris*, 67 F.3d 162, 165 (8th Cir. 1995) (citing *Coleman*, 501 U.S. at 751 ). In *Coleman*, the Supreme Court explained:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

## V. DISCUSSION

The petitioner asserts twenty grounds for habeas corpus relief under 28 U.S.C. § 2254. He contends that the Iowa courts' decisions regarding each of his twenty grounds were contrary to, or involved an unreasonable application of, clearly established federal law, and that the Iowa courts' rulings were based on an unreasonable determination of the facts in light of the evidence presented, which resulted in insufficient evidence to support his conviction.

Fifteen of the petitioner's grounds regard ineffective assistance of his trial, appellate and post-conviction counsel, including grounds II, III, IV, V, VI, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX and XX. Three of the petitioner's grounds, VII, VIII and IX, allege various forms of prosecutorial misconduct at trial, while the two remaining claims, I and X, allege that the Iowa District Court erred in denying the petitioner's motion to suppress.

### A. Prosecutorial Misconduct

The petitioner claims that the prosecutor committed prosecutorial misconduct at trial by: (1) "forcing" his wife to testify against him in violation of the marital privilege; (2) using perjured testimony regarding identification of the gun; and (3) using perjured testimony regarding the officer's reason for stopping the petitioner's vehicle on August 24, 2007. Petition at 10-12. The respondent argues that all three of these claims are procedurally defaulted under the adequate and independent state grounds doctrine, noting

that the Iowa Court of Appeals refused to address the prosecutorial misconduct issues because they were not raised at trial. The respondent's brief at 24-26.

On direct appeal, the Iowa Court of Appeals rejected the petitioner's prosecutorial misconduct claims, among a host of other claims, because the petitioner raised them for the first time on appeal. *See Jones I*, 2009 WL 4842500, at *3 n.2 ("[The petitioner] raises several other issues in a pro se brief, which we do not address as the issues were not raised below."). In rejecting these claims, the Iowa Court of Appeals cited the Iowa Supreme Court's decision in *Meier v. Senecaut III*, where the court explained:

> It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before [an appellate court] will decide them on appeal. . . . It is not a sensible exercise of appellate review to analyze facts of an issue "without the benefit of a full record or lower court determination[]."

*Meier v. Senecaut III*, 641 N.W.2d 532, 537 (Iowa 2002) (third alteration in original) (citations omitted) (quoting *Yee v. City of Escondido*, 503 U.S. 519, 538 (1992)).

Due to the Iowa Court of Appeals's decision not to address the petitioner's prosecutorial misconduct claims because they were not raised before the Iowa District Court, the court finds that these claims are procedurally defaulted under independent and adequate state grounds. *See Lee v. Kemna*, 534 U.S. 362, 375-76 (2002) ("The [procedural default] rule applies with equal force whether the state-law ground is substantive or procedural. . . . Ordinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim." (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984))); *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) ("If the petitioner has 'failed to follow applicable state procedural rules in raising the claims,' . . . he is procedurally barred from raising them in a federal habeas action . . . ." (citation omitted) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992))); *Ford*, 67 F.3d at 165 (stating that federal courts must "respect . . . state procedural rules" (internal quotation marks omitted)). Therefore, because the petitioner "has defaulted his

federal claims [VII, VIII and IX] in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred." *Coleman*, 501 U.S. at 750.

The petitioner elected not to brief any of his prosecutorial misconduct grounds and, thus, has not attempted to show cause and prejudice or a potential for the fundamental miscarriage of justice to overcome the procedural bar. Accordingly, the court shall deny the petition with respect to the prosecutorial misconduct grounds.

### B. Motion to Suppress

The petitioner argues that the Iowa District Court erred when it overruled his motion to suppress evidence obtained from the police stop of his vehicle. Two of the petitioner's grounds appear to encompass this allegation, with little discernible difference between the two. In ground I, the petitioner alleges that "the [Iowa] District Court erred in overruling [his] Motion to Suppress" because the officer "did not have probable cause to stop [his] vehicle nor did he have information imputed from any other [o]fficer to stop [the petitioner]." Petition at 4. In ground X, the petitioner alleges that "the [Iowa] District Court abused its discretion . . . when it denied [the petitioner's] motion to suppress the unreasonable search and seizure of [his] vehicle." Petition at 13. The only difference between these two grounds is that the latter is explicitly presented in the Fourth Amendment context; however, analysis of the first ground also clearly derives from the Fourth Amendment as it relates to the lawfulness of the vehicle stop. *See United States v. Cortez*, 449 U.S. 411, 417 (1981) (stating that "[t]he Fourth Amendment applies to . . . investigatory stops such as the stop of [a] vehicle").

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). Further, "[a] search-and-seizure claim is cognizable in a habeas action only if 'the state provided no

procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.'" *Sweet*, 125 F.3d at 1149 (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994)).

The petitioner's Fourth Amendment grounds are not cognizable. The Iowa Court of Appeals's opinion on direct appeal illustrates that the Iowa courts did, in fact, provide the petitioner with the opportunity to litigate his Fourth Amendment claims. *See Jones I*, 2009 WL 4842500, at *1-2 ("The stop was brief, only identification was requested and a criminal history check was run, and in light of the totality of the circumstances confronting [the officer], we find the stop was reasonable."). Because the petitioner cannot show that the Iowa courts provided no procedure by which he could raise his Fourth Amendment claims or that he was foreclosed from using that procedure, any substantive Fourth Amendment grounds asserted by the petitioner are barred from federal habeas corpus review by *Stone*. Accordingly, the court shall deny the petition with respect to grounds I and X.

### C. *Ineffective Assistance of Counsel*

The petitioner claims that his trial, appellate and post-conviction counsel violated his constitutional right to effective assistance of counsel.

### 1. *Applicable law*

The Sixth Amendment to the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const. amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Douglas v. California*, 372 U.S. 353, 357-58 (1963). An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair
> trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Williams*, 529 U.S. at 390 (reasserting the *Strickland* standard). Although *Strickland* requires a showing of both deficient performance and prejudice, "a court deciding an ineffective assistance claim [need not] . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [petitioner] cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *See id.*; *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("We operate on the 'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance'" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (stating that courts must afford counsel broad latitude to make strategic and tactical choices). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a

defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

In the context of reviewing petitions under 28 U.S.C. § 2254, the Supreme Court has set forth a "doubly" deferential standard for ineffective assistance claims. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (citations omitted)). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* Accordingly, the issue the court must decide "is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### 2.    *Trial counsel*

The petitioner alleges eleven grounds of ineffective assistance against his trial counsel.

### a.    *Weight of the evidence*

The petitioner claims that his "trial counsel failed to provide effective assistance of counsel by failing to challenge the weight of the evidence in [a] motion for new trial." Petition at 5. He further alleges that there was no evidence placing him at the scene of the crime or linking him to the crime in any way. *Id.* On direct appeal, the Iowa Court of Appeals concluded that "trial counsel did not fail to perform an essential duty by not moving for a new trial" because the verdict was not "contrary to the law or evidence of the case." *Jones I*, 2009 WL 4842500, at *2 (citing Iowa R. Crim. P. 2.24(2)(b)(6)). The

Iowa Court of Appeals reasoned that, because "[t]here was sufficient evidence [that the petitioner] lived in the residence that contained the safe with the gun; . . . the witness gave an accurate description of [the petitioner]; and . . . [the petitioner's] alibi defense contained inconsistencies such that the jury could reject the defense," the evidence in the case supported the jury's verdict. *Id.*

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that trial counsel did not perform deficiently in failing to challenge the weight of the evidence in a motion for new trial. Based upon the Iowa Court of Appeals's conclusion that the verdict was not contrary to the evidence, the petitioner's trial counsel had no duty to bring a meritless motion for new trial. *See McReynolds v. Kemna*, 208 F.3d 721, 724 (8th Cir. 2000) (holding that counsel does "not act outside the spectrum of professionally reasonable performance in failing to urge [claims that are] unlikely to succeed" in a motion for new trial). Moreover, any motion for new trial would have failed, so the petitioner cannot show prejudice. Therefore, the Iowa Court of Appeals reasonably held that trial counsel did not provide ineffective assistance. Accordingly, the petition shall be denied with respect to ground II.

### b.    *Marital privilege*

The petitioner claims that trial counsel provided ineffective assistance by failing to object to testimony from his wife and file a motion in limine to exclude testimony from his wife. Petition at 6. Regarding this ground, the Iowa Court of Appeals found that the marital privilege was inapplicable because the petitioner "and his wife were married after the events surrounding the robbery occurred." *Jones I*, 2009 WL 4842500, at *3 n.1. *See* Iowa Code § 622.9, which provides that husband and wife are not "permitted to reveal in testimony any such communication made while the marriage subsisted."

The court finds that the Iowa Court of Appeals reasonably held that trial counsel did not provide ineffective assistance by failing to object pursuant to the inapplicable marital privilege. The Iowa Court of Appeals found that the petitioner and his wife were not

married during the events surrounding the robbery. *Id.* The petitioner has not attempted to rebut this finding by clear and convincing evidence and, therefore, the court must presume it to be correct. *See Bainter v. Trickey*, 932 F.2d 713, 715 (8th Cir. 1991) ("A state court's specific factual findings made in the course of deciding an ineffective assistance of counsel claim are presumed correct pursuant to 28 U.S.C. § 2254(d)." (citations omitted) (internal quotation marks omitted)). Moreover, the Iowa Court of Appeals agreed that the petitioner's wife's testimony was not inadmissible pursuant to Iowa's marital privilege since the communications surrounding the robbery were not "made while the marriage subsisted." *See Jones I*, 2009 WL 4842500, at *3 n.1; Iowa Code § 622.9. Since the Iowa Court of Appeals determined that this testimony was properly admitted under state law, trial counsel had no duty to object at trial and did not perform deficiently for failing to do so. *See Estelle v. McGuire*, 502 U.S. 62, 66 (1991) (holding that an inquiry into "incorrectly admitted" evidence "is no part of a federal court's habeas review of a state conviction" and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Additionally, any argument to exclude the wife's testimony would have failed, so the petitioner cannot show prejudice. Therefore, the Iowa Court of Appeals reasonably held that trial counsel did not provide ineffective assistance. Accordingly, the petition is denied with respect to ground III.

### c. *Introduction of the gun*

The petitioner claims that his trial counsel was ineffective for failing to move to suppress and object to "the introduction of the gun based upon [the] fact that no evidence linked the [petitioner] to the gun through knowledge, immediate possession, or control." Petition at 7. While the petitioner elected not to brief and expound upon this issue, he raised similar grounds in his application for further review to the Iowa Supreme Court. Direct appeal pro se application for further review (docket no. 21-7) at 14-16 (arguing that

witness's gun identification testimony was inconsistent and changed from the time he initially described the weapon to the time he testified for the prosecution).

The Iowa Court of Appeals does not appear to have considered the exact claim raised by the petitioner. Although, in considering a related claim, the Iowa Court of Appeals stated that "[t]he record does indeed reveal inconsistencies in the witness's testimony about the gun. [The petitioner's] attorney was aware of these inconsistencies and thoroughly cross-examined the witness about them." *Jones II*, 2012 WL 3590334, at *6 (considering the petitioner's claim of ineffective assistance for failing to object to prosecutorial misconduct of presenting allegedly false gun identification testimony).

The court finds that the petitioner has not met his burden of overcoming the strong presumption in favor of counsel's competence and reasonable professional judgment. The record shows that trial counsel thoroughly cross-examined the prosecution's witness about his identification of the gun. *See* direct appeal app'x at 36-43. The petitioner even admitted that his "trial counsel more than adequately cross-examined [the witness] regarding his change in identification of the gun." Direct appeal pro se application for further review at 15. Trial counsel made the strategic decision to cross-examine and impeach the prosecution witness's inconsistent gun testimony rather than file an additional motion to suppress, which allowed the jury to weigh the witness's credibility. *See Sanders*, 875 F.2d at 207 ("A court must avoid second-guessing trial strategy."). Therefore, trial counsel did not perform deficiently by choosing not to move to suppress introduction of the gun into evidence. Accordingly, the court shall deny the petition with respect to ground IV.

### d. Allegedly perjured gun testimony

Similarly, the petitioner claims that trial counsel was ineffective for failing to move to suppress and object to "the perjured testimony regarding the identification of [the] gun by the State[']s witness." Petition at 8. The Iowa Court of Appeals found that trial counsel "did not breach an essential duty in failing to also rais[e] a claim of prosecutorial

misconduct based on the inconsistencies [in the witness's testimony]." *Jones II*, 2012 WL 3590334, at *6. The court finds that this ground fails based upon the same reasons as ground IV. Trial counsel made a strategic decision to cross-examine and impeach the gun witness rather than file another motion to suppress, and it was reasonable for the Iowa Court of Appeals to conclude that trial counsel did not perform deficiently for making this strategic decision. Accordingly, the court shall deny the petition with respect to ground V.

### e.     *Allegedly perjured officer testimony*

Next, the petitioner claims ineffective assistance of trial counsel for "failure to object to [the officer's reason] for stopping the [petitioner] and committing an[] unwarranted search and seizure of [him] and his vehicle." Petition at 9. Trial counsel made a pre-trial motion to suppress the evidence gained from the police stop of the vehicle that occurred on August 24, 2007. *See* direct appeal app'x at 17. The Iowa District Court denied the motion, and the Iowa Court of Appeals affirmed on direct appeal. *Id.* at 18-21; *Jones I*, 2009 WL 4842500, at *2. Specifically, the Iowa Court of Appeals stated that the stopping officer was "armed with the knowledge imputed to him by [another officer], who had a reasonable suspicion [the petitioner] had committed the robbery based on the location, vehicle, and the description of the suspect." *Jones I*, 2009 WL 4842500, at *2. Although the reason given to the petitioner for the stop was that he had been observed not wearing his seat belt despite him wearing his seatbelt when the stopping officer approached the vehicle, *see* direct appeal app'x at 76-79, the Iowa Court of Appeals noted that the "[s]tate is not limited to reasons given by the investigating officer in justifying an investigative stop." *Jones I*, 2009 WL 4842500, at *2.

The court finds that this was a reasonable application of federal law. The Supreme Court has held that "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively,

justify that action." *Whren v. United States*, 517 U.S. 806, 813 (1996) (citation omitted) (internal quotation marks omitted). Moreover, "where law enforcement authorities are cooperating in an investigation, as here, the knowledge of one is presumed shared by all." *Illinois v. Andreas*, 463 U.S. 765, 782 n.5 (1983).

The petitioner argues that the stopping officer "testified at the suppression hearing that he did not receive any radio call from [the other officer,] [s]o it cannot be asserted that he relied upon the radio communication" in effectuating the stop. Petitioner's brief at 12. On the contrary, both the stopping officer and the other officer testified at the suppression hearing that the other officer radioed and advised the stopping officer that the petitioner be stopped because his appearance and vehicle accurately fit the description of the robbery suspect. *See* direct appeal app'x at 39-45, 71-72 (officers' testimony). On post-conviction review, the Iowa Court of Appeals again confirmed the validity of the stop and held that "[i]n light of the [Iowa District Court's] ruling on [the petitioner's] motion to suppress, the validity of the stop was no longer an issue at trial. . . . Because [the petitioner] called the validity of the stop into question before trial, his attorney had no duty to muddy the waters by raising the issue at trial." *Jones II*, 2012 WL 3590334, at *3.

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that trial counsel had no duty to object to the officer's testimony regarding his reason for the traffic stop. The stopping officer had shared knowledge with the other officer regarding the petitioner's likeness to the robbery suspect. Moreover, the officer's articulated reason for the stop is of no consequence. Therefore, because the petitioner's trial counsel had no duty to object to the officer's testimony after the Iowa District Court had already ruled it admissible, the Iowa Court of Appeals reasonably held that trial counsel did not perform deficiently. Accordingly, the court shall deny the petition with respect to ground VI.

### *f.     Interviewing and calling witness to testify*

The petitioner further claims that his trial counsel was ineffective for failing "to interview an eyewitness to the robbery and call her to testify at the criminal trial." Petition at 14. In post-conviction proceedings, the Iowa Court of Appeals summarized the petitioner's contention as follows:

> [The petitioner] contends his attorney should have interviewed and called a witness who worked near the site of the robbery and who saw a man attempt to enter her store first. In his view, this witness would have named another individual as a suspect in the robbery. . . . The police summary included this witness's description of the person who committed the robbery. The description, down to the color and style of the man's shirt, matched a description proffered by an employee of the store that was robbed.

*Jones II*, 2012 WL 3590334, at *1-2. In response to the allegation, trial counsel testified and specifically explained her decision to forgo this witness. *See* PCR appeal app'x at 138-39 ("[The witness] never identified [the petitioner] as the robber which I thought was to our advantage, and I wanted to leave it alone."). The Iowa Court of Appeals held that "[t]he attorney made a 'reasonable professional judgment' not to further investigate this witness or call her to testify at trial." *Jones II*, 2012 WL 3590334, at *2.

The court finds that the Iowa Court of Appeals reasonably held that trial counsel did not perform deficiently by failing to interview the witness, as this was a reasonable, professional judgment based upon trial counsel's reading of the police summary. *See Kenley v. Armontrout*, 937 F.2d 1298, 1308 (8th Cir. 1991) ("We will not fault a reasonable strategy not to investigate further if it is based on sound assumptions."); *Sanders*, 875 F.2d at 209-10 (holding that counsel was not ineffective for failing to "interview a witness she had little reason to believe would be useful or helpful"). Furthermore, the petitioner fails to establish that any prejudice resulted from the witness's absence from the trial. The petitioner has not attempted to show that the witness, in fact, identified another individual as the robbery suspect. On the contrary, based upon her

description in the police summary, the witness's testimony likely would have corroborated the other witnesses' description of the robber. Without deficient performance and the resulting prejudice, the Iowa Court of Appeals reasonably held that trial counsel did not provide ineffective assistance. Accordingly, the petition shall be denied with respect to ground XI.

### g. *Removal of problematic jurors*

The petitioner claims ineffective assistance of trial counsel for "failure to question three problematic jurors and request to remove [them] for cause at the criminal trial." Petition at 16. During post-conviction proceedings, the Iowa Court of Appeals described the three jurors as follows:

> The first juror stated she read about the case in the newspaper. When asked whether her knowledge would make it difficult to be fair and impartial, she responded, "I don't believe so." . . . [T]he juror was later asked, "Do you believe that you could be a fair and impartial juror despite having heard anything about this trial or this case?" She unequivocally responded, "Sure. Yep." The second juror said she previously served on a jury where she felt pressured into finding the defendant guilty. She stated she regretted her decision and she was not 100% sure what she would do in this situation. . . . The third juror stated he was robbed while working at a gas station. Despite his own victimization, he told the prosecutor that he thought he could be a fair juror.

*Jones II*, 2012 WL 3590334, at *2. The Iowa Court of Appeals held that none of the foregoing jurors satisfied the state standard for striking for cause and, therefore, trial counsel did not breach a duty in failing to challenge them. *Id.* ("The standard for determining whether there is cause to strike a juror is whether the juror holds such a fixed opinion of the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant." (citations omitted) (internal quotation marks omitted)).

The court finds that the Iowa Court of Appeals reasonably concluded that trial counsel did not perform deficiently in failing to challenge the three jurors for cause. *See*

*Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 572 (8th Cir. 2008) ("To challenge a juror for cause, a party must show actual partiality growing out of the nature and circumstances of the case. . . . Essentially, to fail this standard, a juror must profess his inability to be impartial and resist any attempt to rehabilitate his position." (citations omitted) (quoting *Moran v. Clarke*, 443 F.3d 646, 650 (8th Cir. 2006))). Because none of the jurors stated that they would be unable to be impartial in the case and because they all indicated that they would attempt to rehabilitate any potential biases, the petitioner's trial counsel was under no duty to remove them for cause and, thus, did not perform deficiently. Moreover, any such attempt by trial counsel would have failed and, therefore, the petitioner cannot show prejudice. Accordingly, the court shall deny the petition with respect to ground XII.

### h.    *Impeachment of alibi witness*

Next, the petitioner claims that trial counsel provided ineffective assistance by failing to object to "the use of prior convictions to impeach an alibi witness at the criminal trial." Petition at 17. The petitioner's brother testified at trial that he remembered that the petitioner and his wife left town a couple of days prior to the robbery and returned a couple of days after the robbery. *See* direct appeal app'x at 886-87, 893. However, the brother admitted that he had not seen the petitioner and his wife on the day of the robbery, August 2, 2007. *Id.* at 885-86. On cross-examination, the prosecution impeached the witness with prior convictions, which the petitioner alleges was improper. *See id.* at 889-90.

The Iowa Court of Appeals held that

> "[w]hile counsel arguably had legal grounds to object, we are not convinced she breached an essential duty in failing to do so, as this witness's relationship to [the petitioner] already made his testimony suspect. Additionally, his alibi testimony was less than air-tight, as he acknowledged he was not with his brother on the day of the robbery. . . . The jury had ample grounds to discredit this testimony, with or without the impeachment evidence."

*Jones II*, 2012 WL 3590334, at *2. The court finds that the Iowa Court of Appeals was reasonable when it held that trial counsel did not perform deficiently by failing to object to the impeachment. Where the jury already has cause to discredit testimony, it cannot reasonably be said that trial counsel breached an essential duty by forgoing an objection, even if there were arguable grounds to object. Likewise, it cannot reasonably be said that the result of the petitioner's trial would have been different absent the impeachment, regardless of whether it was improper. Therefore, considering the "totality of the evidence presented at trial" there is simply no "reasonable probability that, but for counsel's [failure to object], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95. Thus, the Iowa Court of Appeals reasonably held that trial counsel did not perform deficiently and the petitioner was not prejudiced. Accordingly, the petition is denied with respect to ground XIII.

### i.  *Jury instruction on "theft"*

The petitioner also claims ineffective assistance for trial counsel's "failure to request jury instruction[s] defining the term 'theft.'" Petition at 18. According to the Iowa Court of Appeals, "[t]he marshaling instruction for first-degree robbery included a reference to 'theft,' which was not defined. [The petitioner] contends his trial attorney should have objected to the instruction on this ground." *Jones II*, 2012 WL 3590334, at *3. However, the petitioner acknowledges that the jury was instructed on the elements of robbery in the first degree—the crime for which he was charged. Petitioner's brief at 20. On post-conviction review, trial counsel explained the strategic decision to forgo a jury instruction on "theft." *See* PCR appeal app'x at 141-42 (stating that trial counsel believed the alibi defense was the strongest defense and that trial counsel wished to avoid ancillary issues so as to avoid distracting the jury from that point).

In adopting the Iowa District Court's reasoning from the post-conviction relief proceedings, the Iowa Court of Appeals held that trial counsel did not breach an essential duty by failing to challenge the instruction because:

> No issue existed at the time of the trial herein as to whether a robbery had occurred. The issue raised by defendant and tactically chosen as the sole issue in the trial was whether petitioner was the person who committed the robbery. The court is not required to instruct the jury on matters that are not an issue in the trial.

*Jones II*, 2012 WL 3590334, at *3. In so holding, the Iowa Court of Appeals cited *State v. Blackford*, 335 N.W.2d 173 (Iowa 1983), where the Iowa Supreme Court considered an ineffective assistance claim and held that, "[i]n arguing over what elements should be included in a [marshaling] instruction, defense counsel's primary concern will necessarily be those elements which are essential to the theory of the defense which is being advanced in the particular case." *Id.* at 178.

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that trial counsel had no duty to request an instruction on "theft," because it was not an issue in the case. Moreover, trial counsel testified that the failure to object to the jury instruction was a tactical decision intended to allow the jury to focus on the petitioner's alibi defense. This decision was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Further, the petitioner makes no showing of prejudice resulting from the absence of the instruction. That is, there is no reasonable probability that the jury's verdict would have been different if trial counsel had requested an instruction on "theft." Therefore, the Iowa Court of Appeals reasonably concluded that trial counsel did not render ineffective assistance, as the performance was neither deficient nor prejudicial. Accordingly, the petition is denied with respect to ground XIV.

### j. Objections to prosecutorial misconduct

The petitioner next claims that trial counsel was ineffective for failing to "object to [p]rosecutorial [m]isconduct and enabling the State to knowingly present perjured testimony at the criminal trial." Petition at 19. In his brief, the petitioner specifies four instances of prosecutorial misconduct to which his defense counsel allegedly failed to object:

First, [the] petitioner asserts that the prosecutor violated his
due process rights by attempting to rebut the testimony of one
of the State's own witnesses . . . during closing argument.
Second, the prosecutor referred to the petitioner as "the
robber" [during] closing arguments. Third, the prosecutor
asserted his own beliefs on several occasions. And, fourth, the
prosecutor knowingly allowed a state's witness to present false
testimony[,] . . . [which] dealt with the difference between [the
witness's] testimony at trial that the handgun was "shiny in
color with a wooden handle" and his earlier statement that the
handgun was "silver in color with a black handle."

The petitioner's brief at 23-24.

"[A] two-part test determines whether prosecutorial misconduct has occurred: first,
the prosecutor's conduct or remarks must have been improper, and second, the remarks
or conduct must have prejudicially affected the defendant's substantial rights by depriving
the defendant of a fair trial." *United States. v. White*, 241 F.3d 1015, 1023 (8th Cir.
2001). Moreover, "[e]ven if one or more of the comments was improper, reversal 'is
appropriate only when [the court] determine[s] that the jury verdict reasonably could have
been affected by the improper comment.'" *Graves v. Ault*, 614 F.3d 501, 507 (8th Cir.
2010) (quoting *United States v. Peyro*, 786 F.2d 826, 831 (8th Cir. 1986)).

### i. Attempt to rebut witness

The petitioner contends that the prosecution attempted to introduce evidence to rebut
its own witness, the petitioner's wife, during closing arguments. This contention appears
to refer to the prosecution's reference to the wife's inconsistent stories regarding the
petitioner's alibi defense. In her initial interviews with the police, the wife never
mentioned the fact that she and the petitioner were out of town on the day the robbery
occurred. PCR app'x at 69. However, at trial, she testified that they had been out of town
on that day. *Id.* In closing arguments, the prosecution highlighted these inconsistencies.
*Id.* The Iowa Court of Appeals concluded that this was not an introduction of prohibited
evidence because "the prosecutor pointed out inconsistencies in the witness's testimony,

but the facts underlying these inconsistencies were mentioned during trial. For that reason, [there was] no prosecutorial misconduct and no breach of an essential duty in counsel's failure to raise the issue." *Jones II*, 2012 WL 3590334, at *6.

The court finds that the Iowa Court of Appeals reasonably held that trial counsel was under no duty to object to these statements. Since the prosecution's references to the wife's testimony mentioned no facts that were absent from trial and the inconsistencies were easily drawn from these facts, the Iowa Court of Appeals reasonably found that the prosecution committed no misconduct. *See White*, 241 F.3d at 1023 ("[T]he prosecutor must limit the closing argument to 'the evidence and the reasonable inferences that may be drawn from it.'" (quoting *United States v. Robinson*, 110 F.3d 1320, 1327 (8th Cir. 1997))). Accordingly, the court denies the petition with respect to ground XV in so far as it alleges ineffective assistance for failing to object to the prosecution's remarks during closing arguments.

### ii.     *Referring to the petitioner as "the robber"*

The petitioner also asserts that the prosecution committed misconduct by referring to him as "the robber" during closing arguments. The Iowa Court of Appeals found that "[e]ven if these references could be considered disparaging, they were isolated references that did not compromise the fairness of the trial." *Jones II*, 2012 WL 3590334, at *6. The court finds that the Iowa Court of Appeals reasonably held that these references could not have compromised the petitioner's right to a fair trial. During the vast majority of closing arguments, the prosecution addressed the petitioner as "the defendant" in almost every instance besides rarely referring to him as "the robber" in conjunction with evidence of his guilt. PCR appeal app'x at 68-72. *See also White*, 241 F.3d at 1023 ("[T]he prosecutor may use 'colorful pejoratives' and argue a personal interpretation of the evidence."). Trial counsel was not deficient for failing to object to these sparse, non-prejudicial comments during closing arguments. The petitioner cannot show prejudice because these remarks do not establish "a reasonable probability" that, in their absence,

the "result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, the petition shall be denied with respect to ground XV in so far as it alleges ineffective assistance for failing to object to the prosecution's use of the term "the robber."

### iii.    *Personal beliefs*

Next, the petitioner claims that the prosecutor "asserted his own beliefs on several occasions." Petitioner's brief at 23. The petitioner does not expound upon this allegation and cites to no specific portion of the record reflecting the prosecutor's own beliefs. However, in view of the above grounds, the court assumes that the petitioner is again referring to the prosecution's closing arguments. Upon review of the record, the court finds no instances in which the prosecution asserted beliefs or opinions that were not in conjunction with interpreting the evidence in the case. *See United States v. Lee*, 743 F.2d 1240, 1253 (8th Cir. 1984) (prohibiting appeals to the jury that are calculated to persuade based upon facts *other than* those presented at trial). Therefore, the court finds that trial counsel's performance was not deficient as there was no basis to object. Moreover, the petitioner cannot show prejudice as none of the remarks can reasonably be said to have affected the jury's verdict. Accordingly, the petition shall be denied with respect to ground XV in so far as it alleges ineffective assistance for failing to object to the prosecutor asserting his own beliefs.

### iv.    *Using false testimony*

The petitioner contends that the prosecution committed misconduct by knowingly allowing its gun identification witness to present false testimony. The court finds that this ground fails for the same reasons as grounds IV and V. Trial counsel made the strategic decision to conduct a thorough cross-examination that highlighted the witness's inconsistent testimony regarding the identification of the gun. Thus, the Iowa Court of Appeals reasonably held that trial counsel "did not breach an essential duty in failing to also rais[e] a claim of prosecutorial misconduct based on the inconsistencies" in the gun testimony. *Jones II*, 2012 WL 3590334, at *6. Accordingly, the petition shall be denied with respect

to ground XV in so far as it alleges ineffective assistance for failing to object to the prosecution's use of false testimony.

### k. Destruction of exculpatory evidence

In his final allegation of ineffective assistance against trial counsel, the petitioner claims that trial counsel provided ineffective assistance by failing to "move to dismiss the prosecution due to the State's destruction of exculpatory evidence at the criminal trial or prior there to." Petition at 20. While the petitioner failed to brief this argument, the court assumes that it mimics a claim asserted in his state post-conviction relief proceedings. *See* PCR appellant's brief (docket no. 21-14) at 52. There, the petitioner asserted that the police destroyed exculpatory evidence by failing to preserve identifying information of a person momentarily detained after the robbery. *See id.* at 54-56. The police originally stopped this individual during their search for the robber based upon eyewitness reports and video surveillance footage. *See id.* at 54. Shortly thereafter, the individual was released because the officers ascertained that he was not the robber based upon his differing facial structure and clothing. *See id.* at 55. The petitioner claims that these events effectively amount to the State's destruction of potentially exculpatory evidence. *Id.* at 56.

It appears that the petitioner failed to renew this claim in his application for further review to the Iowa Supreme Court and, as such, the claim is unexhausted in the Iowa courts. *See O'Sullivan*, 526 U.S. at 845 (holding that a "state prisoner[] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Despite the fact that the petitioner fails to overcome the principles of procedural default, the court will address this claim on its merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To show destruction of potentially exculpatory evidence, the petitioner must show that the investigating officers acted in bad faith. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *State v. Craig*, 490 N.W.2d 795, 796 (Iowa 1992). In post-conviction relief proceedings, the Iowa Court of Appeals could not "discern bad faith." *Jones II*, 2012 WL 3590334, at *4. Moreover, the Iowa Court of Appeals concluded that the petitioner's "attorney had no duty to assert a claim based on destruction of exculpatory evidence" because of the testimony indicating that "the detained person's facial structure and clothing differed from the facial structure and clothing of the person in the video" surveillance footage. *Id*.

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that trial counsel was not ineffective for failing to move to dismiss based on the destruction of potentially exculpatory evidence. The record contains no evidence of bad faith on the part of the police during the robbery investigation, as the testimony indicates that the individual detained by police did not match the description of the robber. With no indication of bad faith on the part of the police, the Iowa Court of Appeals reasonably found that trial counsel had no duty to move to dismiss based upon destruction of evidence. Therefore, trial counsel's performance was not deficient. Furthermore, any such motion would have been denied as there was no evidence of bad faith and, therefore, the petitioner cannot show prejudice. Accordingly, the court denies the petition with respect to ground XVI.

### 3. *Appellate counsel*

The petitioner next asserts three claims of ineffective assistance on the part of his appellate counsel on direct appeal.

#### a. *Two dismissed jurors*

The petitioner claims that appellate counsel was ineffective for failing to argue that the Iowa District Court improperly dismissed the only two African-American jurors from the venire, which he argues was a violation of the fair cross-section requirement of the

Sixth Amendment. Petition at 21. The Iowa Court of Appeals rejected this claim because the petitioner presented no evidence that the "under-representation of African-Americans on the panel was due to the systematic exclusion of this group from the jury selection process." *Jones II*, 2012 WL 3590334, at *4.

The court finds that the Iowa Court of Appeals reasonably concluded that appellate counsel was not ineffective for failing to pursue an ineffective assistance of trial counsel claim regarding the dismissed African-American jurors. To succeed on a Sixth Amendment cross-section claim, the petitioner must establish that the under-representation of African-Americans on the jury was "due to systematic exclusion of the group in the jury-selection process." *United States v. Jefferson*, 725 F.3d 829, 835 (8th Cir. 2013) (quoting *United States v. Sanchez*, 156 F.3d 875, 879 (8th Cir. 1998)). "The Constitution does not guarantee a defendant a proportionate number of his racial group on the jury panel or the jury which tries him; it merely prohibits deliberate exclusion of an identifiable racial group from the juror selection process." *Id.* (quoting *United States v. Jones*, 687 F.2d 1265, 1269 (8th Cir. 1982)) (internal quotation marks omitted). This requires the petitioner to carry the initial burden of establishing purposeful discrimination on the part of the prosecution during jury selection. *See United States v. Matha*, 915 F.2d 1220, 1222 (8th Cir. 1990) (citing *Batson v. Kentucky*, 476 U.S. 79, 94 (1986)). To do this, the petitioner must "come forward with *facts*, not just number[s] alone." *Id.*

The petitioner has failed to present any evidence of purposeful discrimination in dismissing the two African-American jurors. In fact, the two jurors were removed for cause. *See* PCR appeal app'x at 18-19 (establishing that one juror was removed because he stated that he would "automatically not believe anything a police officer says" and would be unfair to the State, while the other juror was removed for having a felony conviction). The fact that these were the only two African-American jurors on the panel is not sufficient to establish a Sixth Amendment cross-section claim, and appellate counsel was not ineffective for failing to argue otherwise. Therefore, it was reasonable for the

Iowa Court of Appeals to hold that appellate counsel had no duty to raise the issue. Moreover, the petitioner cannot show prejudice because any such argument by appellate counsel would have failed as these jurors were dismissed for cause. Accordingly, the court shall deny the petition with respect to ground XVII.

### b.    *Lesser-included offenses*

The petitioner also claims that appellate counsel was ineffective on direct appeal for failing to argue that trial counsel was ineffective for failing to submit lesser-included offenses to the jury on the charge of robbery in the first degree. Petition at 22. The petitioner failed to renew this claim in his application for further review to the Iowa Supreme Court. Notwithstanding the fact that this claim is procedurally defaulted, the court will address it on the merits. *See* 28 U.S.C. § 2254(b)(2).

In post-conviction relief proceedings, the Iowa Court of Appeals concluded that the petitioner's "attorney made a 'deliberate' decision not to seek lesser-included offense instructions which was 'well within the range of acceptable professional competence.'" *Jones II*, 2012 WL 3590334, at *4 (quoting *Sallis v. Rhodes*, 325 N.W.2d 121, 123 (Iowa 1982)). Moreover, the Iowa Court of Appeals found that the prosecution and defense both agreed, on the record, that no lesser-included offenses would be submitted and that the petitioner was present and made no objection at that time. *Id.* The Iowa Court of Appeals further held that this amounted to the petitioner's waiver of lesser-included submissions. *Id.* at 5 (stating that "counsel's professional statement to the trial court that the defendant waives such instruction is enough . . . [for the court to] properly assume . . . that counsel has informed the defendant of the defendant's right to such instructions, what the consequences might be if they are waived, and that the defendant elected to waive them" (quoting *State v. Wallace*, 475 N.W.2d 197, 201 (Iowa 1991)) (internal quotation marks omitted)).

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that appellate counsel was not ineffective for failing to raise the lesser-included offense

issue. Trial counsel made a strategic decision to proceed with the alibi defense instead of seeking lesser-included instructions that would be inconsistent with that defense. *See* PCR appeal app'x at 141-42 (trial counsel's testimony explaining that the alibi defense was the "strongest strategy"); *see also Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997) (concluding "that trial counsel's decision not to request the lesser-included offense instructions was reasonable trial strategy because the instructions would have been inconsistent with [the petitioner's] alibi defense"). Given the reasonableness of trial counsel's decision, appellate counsel's performance was not deficient for failing to raise this issue on direct appeal. Accordingly, the petition shall be denied with respect to ground XVIII.

### c.    *Conference regarding jury instructions*

The petitioner claims that appellate counsel was ineffective on direct appeal by failing to assert that trial counsel was ineffective for not securing the petitioner's presence "at an essential conference between the court and attorneys regarding the jury instructions." Petition at 23. The petitioner "contends that he was not present during an informal discussion regarding jury instructions, and appellate counsel breached an essential duty in failing to challenge his absence." Petitioner's brief at 28-29; *Jones II*, 2012 WL 3590334, at *5. The Iowa Court of Appeals held that the petitioner could not show prejudice from his absence at an informal conference discussing jury instructions because he was "present during the formal jury instruction conference." *Jones II*, 2012 WL 3590334, at *5 (The Iowa District Court's "recitation of the informal discussions on the record in defendant's presence removes any hint of prejudice from such informal discussions." (internal quotation marks omitted)).

The court finds that it was reasonable for the Iowa Court of Appeals to conclude that appellate counsel was not ineffective for failing to argue that trial counsel was ineffective because the petitioner was not prejudiced by any alleged deficient performance. Trial counsel's failure to secure the petitioner's presence at the informal meeting could not

constitute ineffective assistance because his presence at the subsequent, on-the-record discussion "cured any harm flowing from his earlier absence." *Jones II*, 2012 WL 3590334, at *5. The court need not decide whether trial counsel had a duty to allow the petitioner to be present at the informal discussion because the petitioner was not prejudiced by his absence at that meeting. His presence at the formal meeting allowed him the opportunity to lodge any concerns and cured any prejudice that might have resulted from his prior absence. Therefore, appellate counsel had no duty to raise an ineffective assistance claim for such absence. Accordingly, the petition shall be denied with respect to ground XIX.

### 4. *Post-conviction relief counsel*

The petitioner claims that his post-conviction relief counsel "was constitutionally ineffective in failing to preserve error and federalize for possible [habeas corpus review]." Petition at 24. In state post-conviction proceedings, the Iowa Court of Appeals found that the petitioner "raise[d] no independent grounds under this [ground]" and treated it as a catch-all argument. *Jones II*, 2012 WL 3590334, at *5.

The court finds that it is unnecessary to reach the merits of this ground. "[The petitioner] is not constitutionally entitled to counsel in state postconviction [relief] proceedings. There can be no denial of effective assistance of postconviction counsel when there is no constitutional right to postconviction counsel in the first instance." *Miller*, 108 F.3d at 871 (citing *Coleman*, 501 U.S. at 752 and *Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir. 1996)); *Henderson v. Sargent*, 926 F.2d 706, 710 n.7 (8th Cir. 1991) (recognizing that ineffectiveness of post-conviction counsel "cannot constitute grounds for relief from [a] conviction because [the petitioner] has no Sixth Amendment right to counsel in a state collateral proceeding"); *see also Dunbar v. State*, 515 N.W.2d 12, 13 (Iowa 1994) (confirming that ineffective assistance of postconviction counsel has a statutory basis in Iowa, but no "federal constitutional grounds" (quoting *Furhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988)) (internal quotation marks omitted)). As the petitioner's ground for

ineffective assistance of post-conviction counsel has no federal constitutional basis, ground XX is barred from federal habeas corpus review. The court notes that, to the extent the petitioner's other ineffective assistance grounds target his post-conviction relief counsel, those grounds are likewise barred.

## VI. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2254 proceeding before a district judge, "the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." 28 U.S.C. § 2253(c)(1). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if "a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, a petitioner must demonstrate that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts can reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [p]etitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on

procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the grounds that he raised in the petition. Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall deny a certificate of appealability under 28 U.S.C. § 2253. If the petitioner desires further review of his 28 U.S.C. § 2254 petition for a writ of habeas corpus, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VII. CONCLUSION

The court finds that the petitioner is not entitled to relief under 28 U.S.C. § 2254. The Iowa courts' adjudication of the petitioner's grounds did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law and did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented. Furthermore, the petitioner did not adequately present his prosecutorial misconduct grounds to the state courts, rendering them procedurally defaulted on independent and adequate state law grounds.

Accordingly, the petition is **DENIED**. The clerk of Court is **DIRECTED** to enter judgment in favor of the respondent, Mark Lund, and against the petitioner, Michael Navarro Jones. In addition, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA